Ernst, Lowenstein & Cane (Bernard M. L. Ernst and Oscar Lowenstein, of counsel), for appellant.

Louis E. Salmon (E. H. Westerfield, of counsel), for respondent.

GILDERSLEEVE, J.   For some time previous to April 27, 1906, defendant was a monthly tenant of one Cohen, with an understanding that each would give 30 days' notice of an intention to terminate the lease.   On April 27th Cohen sold the premises to plaintiff, who took possession on April 28th, and on or before May 1st defendant moved out, without having given 30 days' notice to Cohen.   The plaintiff sued for the rent for the month of May, 1906.   The justice dismissed the complaint on the ground that Cohen was not the owner on May 1, 1906, and no necessity existed for giving plaintiff the 30 days' notice, as there existed no privity of estate nor of contract between plaintiff and defendant on May 1st.

The question here presented is this: Did the failure of defendant to give 30 days' previous notice to Cohen deprive defendant of the right to move out and terminate the lease on May 1, 1906, notwithstanding the fact that on April 27, 1906, Cohen had ceased to have any connection with the premises?   Had there been a lease for a year, say from June 1, 1905, undoubtedly defendant would have been liable to plaintiff, as successor of Cohen, for the rent for May, 1906, as that month would have been covered by such lease.   Why does not the same rule apply to a monthly lease, where one of the stipulated conditions of such lease was that defendant should give 30 days' previous notice of his intention to terminate the lease?   He could have given plaintiff such notice on May 1st, and moved out on June 1st; but we do not see how plaintiff stood on May 1st in any different position from that in which Cohen stood on April 1, 1906, when unquestionably notice would have been necessary to terminate the lease.   Unless specially reserved, rent follows the estate in reversion.   By a general grant of a reversion the rent will pass with it as incident thereto, and the rent which was to accrue was a part of the realty, and passed as such with the estate. Van Wicklen v. Paulson, 14 Barb. 654; Riley v. Sexton, 32 Hun, 248.

The judgment must be reversed, and a new trial ordered, with costs to appellant to abide the event.   All concur.

---

(52 Misc. Rep. 477)

### FRIEDMAN v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Term.   February 4, 1907.)

DAMAGES—PERSONAL INJURIES—EVIDENCE.

In an action for injuries to a passenger, the only evidence of damage with reference to lost time was that plaintiff at the time of the accident operated a small grocery store with the assistance of his wife; that for a period of four weeks after the accident he was unable to attend to his business, during which period it was run by the wife, assisted by a boy, who was paid $5 a week and board.   There was no evidence as to the cost of the board, and plaintiff testified that he would have had to pay a person doing such work as plaintiff did in operating the store $15 per week.   Held, that the evidence was insufficient to sustain a recovery for lost time, except to the extent of $5 per week.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Damages, § 509.]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Seiser Friedman against the Brooklyn Heights Railroad Company. From a Municipal Court judgment in favor of plaintiff, defendant appeals. Modified.

Argued before GILDERSLEEVE, BLANCHARD, and DAYTON, JJ.

George D. Yeomans, for appellant.

Herman Gottlieb, for respondent.

GILDERSLEEVE, J. The plaintiff was injured while attempting to board one of defendant's cars, and the jury rendered a verdict in his favor for $280. The judgment, together with the costs, from which defendant appeals, amounts to $306.50.

The learned justice who presided at the trial submitted the question of negligence to the jury with very clear, full, and proper instructions of law applicable thereto. On the question of damage, however, we think he committed error that was prejudicial to defendant and necessitates a modification of the judgment. The plaintiff at the time of the accident had a small grocery store, in the conduct of which he was assisted by his wife. The evidence shows that for a period of four weeks after the accident he was unable to attend to his business, and that during this period the business was run by his wife, assisted by a boy, to whom was paid the sum of $5 a week and his board. On this branch of the case the learned trial justice stated to the jury that, if they found for plaintiff, he would be entitled to recover the "amount lost that, but for the accident, he would have made; that is, the amount of his earnings; that is, the amount that would be paid to a person doing such work as he did for others. He says it is about $15 per week." To this instruction defendant duly excepted. Plaintiff had been allowed to testify that $15 a week was the amount usually paid for doing the work he did. The plaintiff, however, further testified that, as a matter of fact, he only paid the boy, during his own absence from the store, $5 a week and board. There was no evidence as to what it cost to board the boy, and the jury could not be allowed to speculate on its value. It will be seen, therefore, that the proof will not sustain, in support of this particular element of damage, a greater sum than $5 a week.

It follows that the judgment must be modified by reducing the same to the sum of $266.50, and, as thus modified, affirmed, without costs to either party. All concur.